UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
EMMANUEL FERNANDEZ,

                        Plaintiff,

                    -against-

Police Officer WILLIAM BEATTIE, Shield No. 2878; Police Officer CLEAVENS DUCHATELIER, Shield 2279; Lieutenant NEIL ZUBER, Shield 4696; and Police Officers JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.
------------------------------------------------------------------ x

**AMENDED COMPLAINT**

12 Civ. 3758 (FB)(RER)

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Emmanuel Fernandez ("plaintiff" or "Mr. Fernandez") is a resident of Kings County in the City and State of New York.

7. Defendant Police Officer William Beattie, Shield No. 2878 ("Beattie"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Beattie is sued in his individual and official capacities.

8. Defendant Police Officer Cleavens Duchatelier, Shield No. 2279 ("Duchatelier"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Duchatelier is sued in his individual and official capacities.

9. Defendant Lieutenant Neil Zuber, Shield No. 4696 ("Zuber"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Zuber is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 8:30 p.m. on January 14, 2012, Mr. Fernandez was violently attacked by defendant officers in the area of 204th Street and Broadway in New York, New York.

14. Defendant officers assaulted, battered and tackled plaintiff, drawing their guns toward him.

15. As Mr. Fernandez was lying facedown on the ground, officers tightly handcuffed his hands behind his back.

16. Plaintiff did not resist in anyway.

17. Defendant officers began to yell and curse at Mr. Fernandez, including repeatedly calling him a "spic."

18. A defendant officer stomped and kicked plaintiff, including stomping on his left arm, while his hands were tightly cuffed behind his back.

19. While continuing to scream at plaintiff and with plaintiff's hands cuffed behind his back, defendant officer slammed the butt of his gun into Mr. Fernandez's head.

20. After striking plaintiff in the head with the butt of his gun, defendant officer then continued to stomp on plaintiff's left arm repeatedly with heavy boots.

21. After the beating, plaintiff was pulled up off the ground by his handcuffs.

22. Plaintiff was taken to the 34th Precinct.

23. Upon arrival, plaintiff was bleeding from his head and in severe pain.

24. When officers removed plaintiff's handcuffs, his left arm dropped and was limp.

25. Plaintiff immediately requested medical attention.

26. Defendants refused to provide plaintiff with medical treatment.

27. Instead, plaintiff sat on a bench with his right arm handcuffed to a pole, his left arm hanging limp, bleeding from his head and in severe pain.

28. After approximately five hours and repeated requests for medical treatment, plaintiff was taken to New York Presbyterian/Columbia University Medical Center where he was diagnosed with a fracture to his left arm and required stitches to his head.

29. Plaintiff was ultimately transferred to Riker's Island.

30. While incarcerated, plaintiff's arm swelled requiring that his cast be cut-off his arm.

31. Plaintiff has continuing problems with his left arm.

4

32. Plaintiff continues to suffer from migraines headaches from being struck in the head.

33. Plaintiff continues to require medical treatment for his injuries.

34. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, mental anguish, fear, severe pain and significant bodily injury.

## FIRST CLAIM
### Unreasonable Force

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Deliberate Indifference to Medical Needs

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. The individual defendants were aware of plaintiff's need for medical care and failed to act in deliberate indifference to plaintiff's needs.

40. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs.

## THIRD CLAIM
### Failure to Intervene

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

43. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:    January 21, 2013
          New York, New York


>                    HARVIS WRIGHT
>                    SALEEM & FETT LLP
>
>
>                    _____
>                    Afsaan Saleem
>                    305 Broadway, 14th Floor
>                    New York, New York 10007
>                    (212) 323-6880
>                    asaleem@hwsflegal.com
>
>                    *Attorney for plaintiff*